## CIRCUIT COURT OF THE CITY OF RICHMOND

Ralph M. Montecalvo

   v.

Virginia Johnson

March 29, 1989

Case No. LM 3679-3

By JUDGE MELVIN R. HUGHES, JR.

On March 10, 1989, the Court heard arguments on defendant's Demurrer and Motion for Summary Judgment to plaintiff's claim of malicious prosecution.

The facts recited in the Motion for Judgment and taken from discovery are as follows. On July 8, 1988, the defendant, a licensing inspector for the Virginia Department of Social Services, asked plaintiff for permission to inspect plaintiff's home for possible violation of laws governing adult homes. On advice of counsel, plaintiff demanded a search warrant before allowing entry. Defendant not only secured the search warrant, but also obtained an arrest warrant. The arrest warrant charged plaintiff with violating Section 63.1-182 which makes it a criminal offense to "interfere[ ] with any authorized agent of the Commissioner [of Social Services] in the discharge of his duties." According to defendant, the criminal charge was based on the theory that plaintiff's request for a search warrant interfered with defendant's performance of duties in violation of the statute. The criminal case was dismissed at trial after presentation of the Commonwealth's evidence. Plaintiff subsequently filed this suit for malicious prosecution.

*Demurrer*

Defendant's demurrer admits all well pleaded facts. The question for the Court, then, is whether these facts are sufficient to support a cause of action for malicious prosecution.

The elements of a cause of action for malicious prosecution are the following: (1) a criminal proceeding "set on foot" by the now defendant against the plaintiff; (2) termination of the proceedings in a manner not unfavorable to the now plaintiff; (3) absence of probable cause for the proceeding; and (4) actual malice, or a primary purpose other than bringing an offender to justice. *Giant of Virginia, Inc. v. Pigg*, 207 Va. 679, 152 S.E.2d 271 (1969). Defendant's demurrer questions the legal sufficiency of the "absence of probable cause" and "malice" elements of plaintiff's claim.

Virginia Code Sections 63.1-172 through 63.1-182.1 establish a regulatory scheme for operators of "homes for adults." By statute, "any place . . . operated or maintained for care of four or more adults who are aged, infirm or disabled . . . shall obtain an appropriate license from the Commissioner." Section 63.1-172(A) and Section 63.1-175(a). Such homes are subject to periodic inspections by representatives of the Commissioner. *See* Section 63.1-177. Certain "place[s], establishments or institutions . . ." do not come within the definition of "home for adults" because, for example, they do not maintain persons "who are aged, infirm or disabled . . ." or are exempt because they are a "home or residence of an individual who cares for or maintains only persons related to him by blood or marriage." Section 63.1-172(A).

Defendant argues that plaintiff's demand for a search warrant before allowing entry gave rise to probable cause for the interference charge, as a matter of law because plaintiff's home came under the home for adult laws, as such, the inspection requirement. In addition, defendant argues, the law permits a warrantless search under the circumstances and, as such, her reliance on the statutory right of inspection negates the element of malice, as a matter of law.

Plaintiff contends that defendant's authority under Section 63.1-177 is irrelevant since plaintiff's home

was not within the purview of the Act, and even if it was, there is no mandate in the statute permitting a warrantless inspection of all adult homes.

The issues of absence of probable cause and malice both turn on whether plaintiff was subject to the adult home regulation and, if so, whether defendant had authority to conduct a warrantless search. Accepting all well pleaded facts are true, plaintiff's Motion for Judgment is sufficient to support a malicious prosecution claim. Despite defendant's contention, plaintiff's request for a search warrant did not necessarily give defendant probable cause to arrest plaintiff under Section 63.1-182. Plaintiff has pled facts sufficient to support the claim that plaintiff was not subject to the inspection provisions of Section 63.1-177 because, in this respect, the Motion for Judgment alleges plaintiff maintained premises "where plaintiff lived and also rented out rooms to boarders."

In addition, the facts do not necessarily establish that defendant was entitled to conduct a warrantless search in this case even if plaintiff should have licensed his home. While the Court agrees with defendant that heavily regulated commercial premises are not entitled to all the warrant protections of the Fourth Amendment, here the Motion for Judgment shows plaintiff's home was not licensed or regulated by the state, and thus, as a private residence, could not be searched without a warrant. These facts are sufficient to support plaintiff's claims for purposes of this demurrer. Defendant's demurrer is denied.

### Summary Judgment

The Motion for Summary Judgment questions whether "absence of probable cause" and "termination of proceedings in a manner not unfavorable to the now plaintiff" are materially at issue in the case.

Defendant contends plaintiff's response to Request for Admissions that "he had more than four residents being cared for in his home" admits he was an unlicensed operator of an adult home at the time. This response alone does not necessarily lead to defendant's conclusion. As mentioned above, there are exceptions in the law where more than four residents could reside and receive care in one home without being subject to regulation. For example, the

plaintiff's response could merely admit that plaintiff was providing care for more than four persons who are related by blood or marriage in the home, yet these conditions would not bring plaintiff within the purview of adult home regulations. Even if plaintiff was an unlicensed operator of an adult home, defendant still may not have possessed probable cause to arrest on the basis of plaintiff's demand for a search warrant, a mixed question of fact and law. As a consequence, the question remains whether probable cause existed at the time of the arrest.

Defendant also claims that there is no question of material fact relating to whether the criminal proceedings terminated in a manner not unfavorable to the plaintiff. It seems that in another proceeding, plaintiff pled guilty to a zoning ordinance violation resulting from the operation of his home and was enjoined from further operation of an adult home. Defendant contends that because these proceedings terminated in a manner unfavorable to the plaintiff, the second element of a malicious prosecution case cannot be established.

It must be remembered that plaintiff's claim here arises out of the arrest and prosecution of the plaintiff for violation of Section 63.1-177. The zoning ordinance violation proceeding is outside the scope of this case and thus has no bearing on the issues presented here.

Accordingly, defendant's contentions on summary judgment do not make the case one without a genuine issue of material fact. Therefore, it too is overruled.